539 A.2d 4

Mary J. Pfeiffer, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Submitted on briefs December 15, 1987, to Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Ronald I. Kaplan,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, March 14, 1988:

This is an appeal of Mary J. Pfeiffer (Licensee) from an order of the Court of Common Pleas of Delaware County dismissing her appeal from a six month revocation of her operating privileges pursuant to Section 1543(b) of the Vehicle Code, 75 Pa. C.S. §1543(b).[1]

Licensee's operating privileges were revoked by the Department of Transportation (DOT) for a period of six months for driving while her license was suspended. She appealed her suspension on January 9, 1986 to the Court of Common Pleas of Delaware County where a *de novo* hearing was held on June 2, 1986. That court correctly dismissed the appeal and an appeal to this Court followed.

In her brief, Licensee contends that DOT failed to meet its burden of proof by failing to introduce into the record evidence as to the outcome of her appeal from

---

[1] Section 1543(b) at the time of DOT's revocation read as follows:

> *Extending existing suspension or revocation*—The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving while the operating privilege was suspended, shall revoke such privilege for an additional period of six months.

75 Pa. C.S. §1543(b). Section 1543 was substantially amended in December 1986 to provide stiffer penalties.

the underlying summary conviction at the District Justice level. And, in an appeal to the court of common pleas from a suspension of a driver's operating privileges, the initial burden of proof is on DOT to produce a record of the convictions which support the suspension. *Department of Transportation, Bureau of Traffic Safety v. Stiver,* 100 Pa. Commonwealth Ct. 573, 515 A.2d 99 (1986). The record here shows that DOT introduced the record of Licensee's conviction for a violation on March 21, 1985 of Section 1543(a) (driving while under suspension) before a district justice on August 23, 1985. We therefore find that substantial evidence existed to support the trial court's finding that DOT did, in fact, meet its burden.

Once DOT produced these records, the burden of production then shifted to Licensee to rebut any inferences drawn from these records. *Stiver.* Licensee, however, presented absolutely *no evidence* whatsoever to rebut DOT's case, but merely *argued* to the trial judge that an appeal from the underlying summary conviction had been filed. Counsel for Licensee produced no documentation that such an appeal was ever taken or filed, despite the fact that such documentation was in the criminal records in the very same courthouse. Instead, the following colloquy transpired:

THE COURT: All right. Mr. Kaplan, you want to get yourself on the record?

MR. KAPLAN: Yes, Your Honor. Ronald I. Kaplan, K-a-p-l-a-n, for the Defendant. I would state for the record that that conviction of August, 1985, was appealed by the Defendant.

THE COURT: It has not been disposed of?

MR. KAPLAN: I am not handling that matter, Your Honor. The Commonwealth has no record of the disposition of that, and therefore, I would say they can't prove their burden.

MS. SANDERS: Your Honor, counsel told me this morning before Court convened, that that appeal was withdrawn—that another attorney did represent her on that matter. The appeal was withdrawn. The Commonwealth is not required to prove any record of any criminal appeal.

MR. KAPLAN: Your Honor, I stated to the State Attorney that I did not handle that matter, and I was not sure what disposition had occurred.

THE COURT: Well, with regard to who handled it now, we don't have any record of the appeal or anything, do we?

MS. SANDERS: No, Your Honor.

*MR. KAPLAN: Yes, I do, Your Honor.*

THE COURT: Well, if you have that, then you have to give us the disposition of it.

MR. KAPLAN: It seems to me . . .

THE COURT: Your client knows . . .

MR. KAPLAN: . . . it seems to me . . .

THE COURT: . . . she knows whether she withdrew it or whether she—whether the Court found her guilty.

MR. KAPLAN: Do you know it, or you're not sure?

THE DEFENDANT: No.

MR. KAPLAN: There were two matters, Your Honor, and one was going through a stop sign which was found in the Defendant's favor, and she's not sure what the other disposition was. I would say, Your Honor, the Defendant's [sic] here to prove a conviction, and she doesn't have the disposition of the other matter and it's her burden.

MS. SANDERS: Well, I do have the disposition, Your Honor. There's a certified copy of a conviction for the citation in Commonwealth 1. [N.T. 4-6] (emphasis added).

In fact, the record of the appeal in criminal docket, No. SA 357-85, reveals that after two continuances by Licensee or her attorney, her appeal *was withdrawn* when the matter was called for a hearing on *May 12, 1986,* and—just 21 days prior to the hearing on the suspension—the Licensee was fined $200.00 plus costs. It does not escape our review that all counsel for the Licensee had to do was look at the criminal records to know the disposition of the appeal from the summary conviction.[2] In his terse opinion dismissing the Licensee's appeal, Judge WRIGHT cogently wrote:

> Following the denial of the License Suspension Appeal, the Petitioner filed a Notice of Appeal, hence this Opinion.
>
> At the License Suspension hearing, the Commonwealth produced the record of the conviction before the District Justice and rested its case. The Petitioner presented no evidence but her attorney stated that a Summary Appeal had been filed. This statement by counsel for Petitioner is of course not evidence. The attorney for the Commonwealth stated that counsel for Petitioner had prior to the hearing informed her that the Appeal had been withdrawn. This statement, likewise, is not evidence. After the conclusion of the hearing, the attorney for the Com-

---

[2] The general rule is that a court may not take judicial notice of the records in another case. *Steel v. Levy,* 282 Pa. 338, 127 A. 766 (1925). The facts and records, however, in the many cases that cite this proposition, do not raise the question of good faith and candor before the Court and that question is pivotal in this present case. *See Estate of Beist,* 50 Lanc. Law Rev. 9 (1945).

monwealth mailed to Chambers a copy of the Clerk's Certificate showing the Summary Appeal had been withdrawn. This Certificate is also not part of the evidence.

The parties then proceeded in their Briefs to argue who had burden of proof with respect to the disposition of the Summary Appeal even though no evidence of its filing had even been presented to this Court.

There is a fine line between the creation of a red herring as part of the zealous representation of one's client and the deception of the tribunal. If this were the issue for us to decide we would have no hesitancy in holding that, as an Officer of the Court, the duty of the attorney to the tribunal rises above the obligation to the client. To the extent, Petitioner seeks to litigate this red herring, she raises a fundamental question about the duty of her attorney not to deceive the Court. It is improper for an attorney to deceive the Court. We cannot conceive that any attorney in diligently representing a client in a matter such as this could consider himself prepared for the hearing without investigating to determine the outcome of the summary offense charge that allegedly is the basis for the suspension.

We agree wholeheartedly with the remarks of Judge WRIGHT and, pursuant to DOT's request that reasonable counsel fees be assessed pursuant to Pa. R.A.P. 2744 for an appeal which is patently frivolous,[3] we will remand

---

[3] DOT argues that the sole purpose of this appeal is to *continue* the supersedeas with respect to the effective date of the Licensee's revocation. We note that where an appeal has béen taken to the common pleas court, Section 1550(b) of the Vehicle Code, 75 Pa. C.S. §1550(b), grants an automatic supersedeas "until final determination of the matter." The Code is devoid of any specific lan-

this matter to the trial judge to address the very issue which was not before him when he wrote his opinion September 29, 1986 and for entry of an appropriate order following that determination. We look upon the actions of Licensee's counsel with great disfavor, when, as an officer of the Court, he informed the trial judge that the summary conviction had been appealed without also informing the Court that the Licensee's appeal had been withdrawn and that his client had been found guilty and fined $200.00 just 21 days before in the same courtroom before a different jurist. The appeal to this Court, with all that it entailed, including, *inter alia,* the trial judge's time to write an opinion, the reporter's time to transcribe the notes of testimony, transmission of the record to this Court, the preparation of briefs by counsel, to say nothing of this Court's time and the legal costs to the appellant (and to the Commonwealth), and the 18 month delay pending a final determination—all of this, could have been avoided if counsel for Licensee had informed the trial judge of the complete record in the underlying criminal action.

Accordingly, the order of the trial court is affirmed and this case is remanded to the trial court to determine the amount to be paid to DOT in accordance with Pa. R.A.P. 2744 and to enter judgment accordingly.

## ORDER

The order of the Court of Common Pleas of Delaware County at No. 86-372, dated September 29, 1986, is hereby affirmed.

---

guage regarding the continuation of an automatic supersedeas pending an appeal to this Court. *Cf.* Pa. R.A.P. 1732 regarding the application to a lower court for a stay of its order pending appeal. Apparently, this issue has never been squarely presented for judicial determination. *But see Rinck v. Commonwealth,* 59 Pa. Commonwealth Ct. 328, 429 A.2d 1255 (1981).

Pursuant to Pa. R.A.P. 2744, Licensee shall be liable to the Department of Transportation for reasonable counsel fees related to this appeal, as may be reflected by a bill of cost to be filed on behalf of the Department of Transportation to the trial court, to which this case is hereby remanded to determine the amount to be paid to the Department of Transportation and for entry of an appropriate order following that determination.

Jurisdiction relinquished.