**Jarrett Carl SCOTT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

**Mathew S. Liero, Appellant,**

v.

**Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Argued March 10, 1999.

Decided May 11, 1999.

---

Alyssa Lopiano Reilly, Bangor, for appellants.

Timothy P. Wile, Asst. Counsel In-Charge, Harisburg, for appellee.

Before COLINS, President Judge and DOYLE, J., SMITH, J., PELLEGRINI, J., FRIEDMAN, J., FLAHERTY, J., and LEADBETTER, J.

LEADBETTER, Judge.

In these consolidated appeals,[1] Jarrett Carl Scott and Mathew S. Liero (appellants) appeal from orders of the Court of Common Pleas of Northampton County (common pleas) dismissing their statutory appeals from a one-year suspension of their operating privileges. At issue is whether the Department of Transportation, Bureau of Driver Licensing (Department) met its burden of proving that appellants' convictions under the New Jersey driving while intoxicated (DWI) statute are substantially similar to convictions under the Pennsylvania driving under the influence (DUI) statute.

Appellants were arrested in New Jersey[2] and charged with violating N.J. Stat. § 39:4–50(a), New Jersey's DWI statute. Pursuant to the Driver's License Compact (Compact), Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581,[3] the Department suspended appellants' operating privileges for one year after it received notices from the New Jersey Division of Motor Vehicles (DMV) that appellants had been convicted in New Jersey of DWI. Appellants appealed to common pleas. At hearings before common pleas, the Department introduced certified copies of the New Jersey reports of appellants' DWI convictions. Common pleas dismissed appellants' appeals, concluding, *inter alia*, that appellants were convicted in New Jersey on the basis of conduct substantially similar to that prohibited by the Pennsylvania DUI statute.[4] This appeal followed.

The New Jersey DWI statute is violated when an individual:

operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, *or* operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in [his or her] blood *or* permits another person who is under

1. These appeals were consolidated by order of this court dated December 16, 1998.

2. Scott was arrested on March 29, 1997 and Liero was arrested on June 23, 1997.

3. Article III of the Compact provides in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." 75 Pa.C.S. § 1581. Article IV of the Compact provides, in pertinent part:

    (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:
    . . . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;
. . . .
(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

*Id.*

4. In an order dated April 22, 1998, common pleas adopted its opinion in the Scott case in the Liero case.

the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control *or permits another to operate a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in [his or her] blood.*

N.J. Stat. § 39:4–50(a) (emphasis added). Thus, New Jersey's DWI statute may be violated in four different ways; however, the four ways are not delineated in identifiable subsections. The Pennsylvania DUI statute provides, in pertinent part:

[a] person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

(2) while under the influence of any controlled substance ... to a degree which renders the person incapable of safe driving;

(3) while under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving;

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater; or

(5) if the amount of alcohol by weight in the blood of the person is 0.10% or greater at the time of a chemical test of a sample of the person's breath, blood or urine....

Section 3731(a) of the Vehicle Code, 75 Pa.C.S. § 3731(a). Thus, unlike the New Jersey DWI statute, Pennsylvania's DUI statute does not proscribe *permitting another* to drive while under the influence of alcohol or drugs or with a blood alcohol content of 0.10%.[5]

■ Appellants argue that the conviction reports transmitted to the Department from the New Jersey DMV are insufficient to establish that they were convicted of an offense substantially similar to a Pennsylvania DUI offense because the reports do not specify under which portion of the New Jersey statute appellants were convicted.[6] While this court has concluded that New Jersey's DWI and Pennsylvania's DUI statutes are substantially similar, *Kiebort v. Department of Transp., Bureau of Driver Licensing,* 719 A.2d 1139 (Pa.Cmwlth. 1998); *Seibert v. Department of Transp., Bureau of Driver Licensing,* 715 A.2d 517 (Pa.Cmwlth.1998), we have not addressed the particular issue raised here.

■ The New Jersey conviction reports identify the statute violated by appellants as "39:004–050A."[7] Were this the only information identifying the offense on the form, we would agree with appellants that it is insufficient to support common pleas' finding that their convictions are for conduct substantially similar to that proscribed in the Pennsylvania DUI law. However, the reports also include additional information under the heading "Description," which articulates the offense more specifically. As common pleas noted, "Specifically, the description reads, 'operate under influence of liq/drugs'. We hold this description eliminates any inference the operator violated any of the disjunctive mandates set out in subsection (a) of the New Jersey statute." *Scott v. Department*

---

5. We note, however, that this conduct is proscribed by Section 1575 of the Vehicle Code, 75 Pa.C.S. § 1575. We do not here address whether Section 1575 is substantially similar to N.J. Stat. § 39:4–50(a).

6. Based on the issue raised on appeal, our review is limited to a determination of whether the trial court's findings are supported by substantial evidence. *Department of Transp., Bureau of Driver Licensing v. Fellmeth,* 108

Pa.Cmwlth. 172, 528 A.2d 1090, 1093 n. 6 (1987).

7. The conviction reports contain the following information: foreign license number; driver's name, date of birth, sex and eye color; summons number; violation date; New Jersey statute violated; conviction date; conviction offense reference number; conviction locator reference; and description of offense.

of Transp., Bureau of Driver Licensing, No.1997–C–6422, slip. op. at 5 n.7 (filed April 22, 1998). This is a reasonable inference which neither Scott nor Liero made any attempt to rebut. It has been long established that:

> [I]n an appeal to the court of common pleas from a suspension of a driver's operating privileges, the initial burden of proof is on DOT to produce a record of the convictions which support the suspension.... Once DOT produced these records, the burden of production then shifted to Licensee to rebut any inferences drawn from these records.

Pfeiffer v. Department of Transp., Bureau of Driver Licensing, 114 Pa.Cmwlth. 390, 539 A.2d 4, 5 (1988). Moreover, it is well settled that a party's failure to testify in a civil proceeding can give rise to an inference of fact that the party's testimony would have been adverse or unfavorable to him. Beers v. Muth, 395 Pa. 624, 626–27, 151 A.2d 465, 466 (1959); Satler v. Department of Transp., Bureau of Driver Licensing, 670 A.2d 1205, 1207 (Pa.Cmwlth.1996). As our Supreme Court has noted, "[T]he failure to testify to facts within one's presumed knowledge permits an inference that can erase the equivocal nature of other evidence relating to a disputed fact." Harmon v. Mifflin County Sch. Dist., 552 Pa. 92, 99, 713 A.2d 620, 624 (1998). Thus, we find substantial evidence supporting common pleas' finding that appellants were convicted under the first phrase of Section 39:4–50(a), operating under the influence of liquor or drugs.

■ To recapitulate, we hold that where the Department introduces a New Jersey conviction report which not only cites the New Jersey DWI statute, but also sets forth a textual description [8] of conduct substantially similar to that proscribed by Pennsylvania's statute, it satisfies its initial burden under the Compact. If that evi-

dence remains unrebutted, suspension is appropriate. Accordingly, the orders of common pleas in these consolidated cases are affirmed.

### ORDER

AND NOW, this 11th day of May, 1999, the orders of the Court of Common Pleas of Northampton County in the above captioned matters are hereby affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. Unlike the majority, I do not believe that the record in this case contains substantial evidence to support the finding of the Court of Common Pleas of Northampton County (trial court) that the New Jersey DUI convictions of Jarrett Carl Scott (Scott) and Mathew S. Liero (Liero) were for conduct substantially similar to that proscribed in Pennsylvania's DUI law.

The only evidence of the New Jersey DUI convictions in this case is a printout of various computer records that were transmitted electronically from New Jersey to Pennsylvania.[1] (Trial court op. at 1; R.R. at 11a.) The printout is entitled "State of New Jersey Division of Motor Vehicles Out of State Driver Violations Report." Each page of the report contains four computer records. Each computer record contains various fields of data. The two data fields that have relevance here are those with the headings "New Jersey Statute" and "Description." The "Description" field is limited to thirty-six characters. (See R.R. at 3a.)

The majority states that: "Were [the 'New Jersey Statute' field] the only information identifying the offense on the form,[2] we would agree with appellants that it is insufficient to support [the trial court's] finding that their convictions are

---

8. Of course, the evidentiary weight of the description is for the trial court to determine.

1. There is absolutely no testimony regarding the data that appears on the computer print-

out. In fact, this case was submitted on briefs to the trial court.

2. The report is not a form.

for conduct substantially similar to that proscribed in the Pennsylvania DUI law." (Majority op. at 542.) The majority then states, based on a footnote in the trial court's opinion, that the "Description" field "articulates the offense more specifically." (Majority op. at 542.) However, there is not substantial evidence in the record to support such a finding. Indeed, there is *nothing* before this court, neither documents nor testimony, indicating that the "Description" field provides any more information about the New Jersey DUI convictions than the "New Jersey Statute" field does.[3]

Because the record lacks substantial evidence to support a finding that the "Description" data field in the New Jersey report articulates the offense more specifically, which is the basis for the majority's holding, the record also lacks sufficient evidence to support the trial court's finding that the New Jersey DUI convictions here were for conduct substantially similar to that proscribed by Pennsylvania DUI law.

Accordingly, I would reverse.[4]

Judge FLAHERTY joins in this dissenting opinion.

---

**3.** It is apparent to me from an examination of all the computer records before us that the "Description" data field simply contains the description that is stored in the computer's "statute file" for the statutory provision appearing in the "New Jersey Statute" data field. Thus, *every* time a licensee violates *any* of the provisions of N.J. Stat. 39:4–50(a), New Jersey's report will describe the violation as "operate under influence liq/drugs."

**4.** I also disagree with the majority's reliance in this case on the proposition that a party's failure to testify can give rise to an inference of fact that the party's testimony would have been adverse or unfavorable to him. (Majority's op. at 543.) The Pennsylvania Supreme

Court has stated: "[W]e have never suggested that a party could satisfy its burden of proof in a civil cause solely through reliance on the defendant's failure to testify." *Harmon v. Mifflin County School District*, 552 Pa. 92, 99, 713 A.2d 620, 624 (1998). There must be independent evidence presented to support the desired finding. *Id.*

Here, the Department of Transportation, Bureau of Driver Licensing (Department) presented no independent evidence to support a finding that the "Description" data field articulates the offense more specifically. Thus, in affirming the Department's suspension of operating privileges, the majority is relying solely on the licensees' failure to testify.