PennDOT v. Hosler

C.P. of Northampton County, no. 1999-C-05464.

*Frank M. O'Neil,* for PennDOT.
*Brian M. Monahan,* for appellant.

SIMPSON, *J.,* December 10, 1999—David Richard Hosler, appellant, appeals from a one-year suspension of his operating privileges entered by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing. After a hearing on September 16, 1999 and submission of argument on October 26, 1999, we make the following narrative.

### FINDINGS OF FACT

On March 19, 1999, appellant, a licensed Pennsylvania driver, operated a vehicle while under the influence of liquor or drugs in New Jersey contrary to N.J.S.A. 39:4-50(a).

Appellant was convicted of the offense on April 19, 1999.[1]

Both New Jersey and Pennsylvania belong to the driver's license compact codified at 75 Pa.C.S. §1581.[2]

---

1. Pursuant to the Vehicle Code, a conviction includes the entry of a guilty plea. 75 Pa.C.S. §6501.

2. 75 Pa.C.S. §1581 article IV Effect of conviction

"(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor

In compliance with its obligation under article III of the compact, and N.J.S.A. 39:5F-3, the New Jersey Division of Motor Vehicles electronically reported appellant's DUI conviction to PennDOT. A copy of the report is attached and made a part hereof by reference.

PennDOT, in compliance with article IV(1)(b) of the compact, treated the New Jersey conviction as if the conduct had occurred in Pennsylvania. 75 Pa.C.S. §1532 mandates that PennDOT impose a one-year suspension for violations under 75 Pa.C.S. §3731.

Appellant appeals the suspension.

During the license suspension hearing before this court, the Commonwealth submitted a certified record of the appellant's driving history, including a record of the appellant's conviction in New Jersey.

## DISCUSSION

### 1. *Validity of Driver's License Compact*

Appellant contends the compact, 75 Pa.C.S. §1581, is invalid.

vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as it would if such conduct had occurred in the home state in the case of conviction for: . . .

"(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any drug to a degree which renders the driver incapable of safely driving a motor vehicle. . . .

"(C) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing subdivisions (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such a party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article."

The Commonwealth Court in *Sullivan v. PennDOT,* 682 A.2d 5 (Pa. Commw. 1996), *appeal granted,* 547 Pa. 734, 689 A.2d 237 (1997), *aff'd,* 550 Pa. 639, 708 A.2d 481 (1998), held the compact invalid for failure to follow required enactment procedures.

The legislature re-enacted the compact into law, effective December 10, 1996. 75 Pa.C.S. §1581.

Because the dates of appellant's offense (March 19, 1999) and conviction (April 19, 1999) are subsequent to the re-enacted compact, the *Sullivan* ruling does not control PennDOT's current authority to pursue reciprocal license suspensions.

## 2. *Burden of Proof/Specificity of Report of Conviction*

Appellant contends that the report of conviction is not sufficient to support the suspension under the compact.

When an appeal is taken from the suspension of an operator's license, the Commonwealth has the burden to produce a record of conviction sufficient to support such a suspension. *PennDOT v. Tarnopolski,* 533 Pa. 549, 552, 626 A.2d 138, 140 (1993); *Commonwealth v. King,* 9 Pa. Commw. 200, 204, 303 A.2d 848, 849 (1973); *Pfeiffer v. PennDOT,* 114 Pa. Commw. 390, 392, 539 A.2d 4, 5 (1988). In *PennDOT v. Meckler,* 160 Pa. Commw. 609, 614, 635 A.2d 718, 721 (1993), the court considered license suspension based on proof of convictions of specified offenses. In *Meckler,* PennDOT did not introduce a certified record of licensee's underlying conviction, and, therefore, failed to carry its burden of proof. *Id.*

Once evidence of a conviction is received, the burden of proceeding shifts to the licensee to rebut or challenge

the Commonwealth's proof. See *id.* at 612, 635 A.2d at 720. A licensee must submit evidence which challenges the validity of the underlying conviction. See *Pfeiffer* at 392, 539 A.2d at 5. The argument of counsel that the record might not be valid is insufficient to sustain appellant's burden. See *id.* at 392-93, 539 A.2d at 5-6.

A report of conviction under the compact must contain "(1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or whether the conviction resulted from a forfeiture of security." *Kiebort v. PennDOT,* 719 A.2d 1139, 1143 (Pa. Commw. 1998); *Mazurek v. PennDOT,* 717 A.2d 23, 25 (Pa. Commw. 1998). The reporting requirements of the compact are mandatory. See *id.*

Our Commonwealth Court has recently addressed whether a New Jersey report of an underlying DUI conviction supports a one-year suspension in Pennsylvania pursuant to the compact. The court concluded that New Jersey's report of conviction did not contain the identity of the court in which the person was convicted and an identification of the plea, or whether the conviction resulted from a forfeiture of security. See *Kiebort,* 719 A.2d at 1143. As a result, the suspension was reversed. *Id.* at 1143-44. See also, *Hook v. PennDOT,* 718 A.2d 381, 383 (Pa. Commw. 1998) (New York notice of driving under the influence conviction which contained neither specification of the statute violated nor identification of what plea was entered, or if the conviction resulted from forfeiture of security could not support Pennsylvania suspension under the compact).

Here, the Commonwealth attached a certified copy of the electronic notification supplied to PennDOT from the State of New Jersey. See 75 Pa.C.S. §1550(d). The notification consists of the operator's name, the violation date, the applicable New Jersey statute, and a description of the offense. However, as in *Kiebort,* the notice does not contain the identity of the court in which the person was convicted, or an identification of the plea, or whether the conviction resulted from a forfeiture of security. Pursuant to *Kiebort,* the notice is deficient and the license suspension must be reversed.

However, after *Kiebort,* the legislature passed an amendment which purported to relax the reporting requirements under the compact. See 75 Pa.C.S. §1584, effective December 21, 1998. This amendment reads in pertinent part:

"The omission from any report received by the department from a party state of any information required by article III of the compact shall not excuse or prevent the department from complying with its duties under articles IV and V of the compact."

In *Commonwealth v. Harrington,* 47 Ches. Co. Rep. 142 (June 30, 1999, MacElree, J.), *allocatur granted sub nom., Harrington v. Commonwealth,* 209 M.D. appeal docket 1999 (Supreme Court). The Chester County court held that this unilateral amendment to the compact is unconstitutional because it violates due process. As a result, the Chester County court concluded that a New Jersey report of an underlying DUI conviction was insufficient to support a Pennsylvania license suspension pursuant to the compact, and the unconstitutional December 21, 1998 amendment did not remedy the situation. The *Harrington* court reversed the suspension.

We are persuaded that the court's analysis in *Harrington* is sound, and we adopt it here. Accordingly, we conclude that the December 21, 1998 amendment to the compact at 75 Pa.C.S. §1584 is unconstitutional. As a result, it will not save the license suspension here which otherwise fails to comply with the reporting requirements of the compact.

*Scott v. PennDOT,* 730 A.2d 539 (Pa. Commw. 1999) and *Correll v. PennDOT,* 726 A.2d 427 (Pa. Commw. 1999), relied upon by PennDOT, do not compel a different result. Neither of these cases address the constitutionality of the December 21, 1998 amendment to the compact, 75 Pa.C.S. §1584, or compliance with the compact's reporting requirements. As a result, this cited authority is not controlling.[3]

## CONCLUSIONS OF LAW

(1) Commonwealth's exhibit no. 2, report from New Jersey of appellant's conviction for driving under the

---

3. See also, *Rouse v. PennDOT,* 732 A.2d 35, 37 (Pa. Commw. 1999) (December 21, 1998 amendment, 75 Pa.C.S. §1584, not retroactive, so that New York report of underlying driving while intoxicated conviction which did not comply with the compact could not support Pennsylvania license suspension); *McCann v. PennDOT,* 728 A.2d 1009, 1011 (Pa. Commw. 1999) (December 21, 1998 amendment, 75 Pa.C.S. §1584, not retroactive, so that Delaware report of underlying driving under the influence conviction which did not contain all the information required by the compact could not support a Pennsylvania license suspension); *Sweet v. PennDOT,* 724 A.2d 1004, 1005 (Pa. Commw. 1999) (December 21, 1998 amendment, 75 Pa.C.S. §1584, not retroactive, so that New Jersey report of underlying driving under the influence conviction which did not contain all the information required by the compact did not support a Pennsylvania license suspension).

influence, did not contain all the information required by the compact.

(2) The December 21, 1998 amendment to the compact, 75 Pa.C.S. §1584, is unconstitutional in that it denies due process.

Wherefore, we enter the following:

### ORDER

And now, December 10, 1999, appellant's appeal is sustained. Accordingly, the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, shall not suspend for one year the operating privileges of David Richard Hosler as a result of a conviction on April 19, 1999 of a New Jersey offense occurring on March 19, 1999.

---

### STATE OF NEW JERSEY
### DIVISION OF MOTOR VEHICLES
### OUT OF STATE DRIVER VIOLATIONS REPORT
AVF 135R1      04/24/1999
PAGE 35. 62
PENNSYLVANIA

| Foreign License Number | Driver Name First Mi Last | Date Of Birth | Sex | Eye Color |
|---|---|---|---|---|
| 19555639 | David R Hosler | 02/07/58 | M | Blue |

| Summons Number | Violation Date | New Jersey Statute | ANSI D20 | Convict Date |
|---|---|---|---|---|
| SPY625556 | 03/19/99 | 39:004-050A | DI1 | 04/19/99 |

| Conviction Offense Ref. | Conviction Locator Ref. | Description | ACD-A11 |
|---|---|---|---|
| K03-V-0450 | NJSPY625556 NN | Operate Under Influence Liq/Drugs | |