Ricky C. TINDAL

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 16, 1999.

Decided July 28, 2000.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Christopher M. Patterson, Lancaster, for appellee.

Before DOYLE, President Judge, COLINS, J., and LEADBETTER, J.

DOYLE, President Judge.[1]

The Department of Transportation, Bureau of Driver Licensing (Department), appeals an order of the Court of Common Pleas of Lancaster County, which sustained Ricky C. Tindal's appeal from a one-year suspension of his driving privileges imposed by the Department.

By notice dated June 10, 1997, the Department informed Tindal as follows:

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from MARYLAND of your conviction on 05/02/1997 of an offense which occurred on 01/23/1997, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER THE INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as amended by Section 1532B of the Vehicle Code.[2]

(Footnote added.)

Maryland's driving under the influence (DUI) statute, Md.Code, Transp. § 21–902(b), provides that "[a] person may not drive or attempt to drive any vehicle while under the influence of alcohol." By comparison, Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a)(1), provides that "[a] person shall not drive, operate or be in actual physical control of the movement of a vehicle ... [w]hile under the influence of alcohol to a degree *which renders the person incapable of safe driving* [.]" (Emphasis added.)

After a hearing, the Common Pleas Court sustained Tindal's appeal, holding that Maryland's DUI statute § 21–902(b),[3] was not substantially similar to Pennsylvania's DUI offense, 75 Pa.C.S. § 3731(a), for purposes of Article IV of the Driver License Compact of 1961.[4]

On appeal, the Department contends that the Common Pleas Court erred in sustaining Tindal's appeal, because Maryland's DUI statute, § 21–902(b), is substantially similar to Pennsylvania's DUI provisions.[5] We cannot agree, since the

1. This case was reassigned to the author on September 10, 1999.

2. Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. § 1581, sets forth the Driver's License Compact of 1961. Section 1532(b)(3) of the Code, 75 Pa.C.S. § 1532(b)(3), provides that the Department shall suspend a driver's operating privilege for one year upon receiving a certified record of that driver's conviction of Section 3731 of the Code, 75 Pa.C.S. § 3731 (driving under influence of alcohol or controlled substance (DUI)).

3. Although the Department's notice did not specify which section of the Maryland statute Tindal had violated, both parties agree that Maryland Statute § 21–902(b) is the controlling section.

4. Under Article IV(a)(2) of the Compact, the party state for purposes of suspension or revocation of a motor vehicle operator license, is required to treat out of state convictions as it would had the conduct occurred in the home state in the case of convictions for "driving a motor vehicle while under the influence of intoxicating liquor ... to a degree which renders the driver *incapable of safely driving a motor vehicle* [.]" 75 Pa.C.S. § 1581 (emphasis added). Further, Article IV(c) of the Compact provides: "If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar* nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article." 75 Pa.C.S. § 1581 (emphasis added).

5. Our review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the court committed an error of law or abuse of discretion in reaching its decision. *Depart-*

Department's argument was rejected by our Supreme Court in *Petrovick v. Department of Transportation, Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999).[6]

In *Petrovick*, the Supreme Court articulated a new analysis for resolving the issue of the substantial similarity of statutes under the Compact. Rejecting the approach of comparing directly Pennsylvania's DUI statute to the relevant out-of-state statute, the Supreme Court concluded that the proper inquiry is whether each state's DUI provisions are substantially similar to Article IV(a)(2) of the Compact:

> [T]he Compact requires a two-pronged test. First, we must evaluate whether there is a Pennsylvania offense which is 'of a substantially similar nature' to the provisions of Article IV(a)(2). Second, we must evaluate whether there is a Maryland or New York offense which is 'of a substantially similar nature' to Article IV(a)(2). Both prongs must be satisfied before PennDOT can sanction a Pennsylvania citizen for an out-of-state conviction.

*Petrovick*, 559 Pa. at 619–620, 741 A.2d at 1266–1267. (Footnote omitted.) Hence, under *Petrovick*, each state's DUI statute must be compared to the following language in Article IV(a)(2) of the Compact:

> (a) The licensing authority in the home state . . . shall give the same effect to the conduct reported . . . as it would if such conduct had occurred in the home state in the case of convictions for:
>
>  . . . .

ment of Transportation, Bureau of Traffic Safety v. O'Connell, 521 Pa. 242, 555 A.2d 873 (1989).

**6.** The Supreme Court consolidated *Petrovick* with the appeal from this Court's order in *Eck v. Department of Transportation, Bureau of Driver Licensing*, 713 A.2d 744 (Pa.Cmwlth. 1998); both appeals were affirmed by the same opinion and order. In *Eck*, this Court examined Maryland's and Pennsylvania's DUI statutes in light of Article IV(a)(2) of the Compact, and we held as follows:

> (2) *driving a motor vehicle while under the influence of intoxicating liquor . . . to a degree which renders the driver incapable of safely driving a motor vehicle* [.]

75 Pa.C.S. § 1581 (emphasis added).

Regarding the first prong of the *Petrovick* analysis, the Supreme Court specifically held in *Petrovick* that Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a)(1), is substantially similar to Article IV(a)(2) of the Compact. However, as to the second prong of the test, the issue of whether Maryland's DUI statute is substantially similar to Article IV(a)(2) of the Compact, the *Petrovick* Court explained:

> Even though § 21–902(b) omits the phrase 'to a degree which renders the person incapable of safe driving,' Penn-DOT contends that the two statutes are substantially similar. Applying the appropriate analysis, we find that the difference in the language of the Maryland statute and Article IV(a)(2) is not the salient distinction. Rather . . . it is the effect of the language in defining the scope of the offense which determines whether or not the out-of-state statute is of a substantially similar nature to Article IV(a)(2). *The Maryland statute fails to specify the degree to which a person must be under the influence of alcohol, and therefore permits a much lower threshold for culpability; in contrast, Article IV(a)(2) requires that the person be impaired to a degree that he or she is incapable of safely driving.*

*Petrovick*, 559 Pa. at 627, 741 A.2d at 1271 (emphasis added). For the preceding rea-

> In Maryland, the use of any amount of alcohol will support a conviction of driving under the influence of alcohol (DUI) . . . and Pennsylvania has no essentially similar offense. . . . Because Maryland did not report that Eck had driven while under the influence of alcohol to a degree that he was incapable of driving safely, [the Department] cannot suspend his operating privilege under Article IV(a)(2) of the Compact . . . [as] Eck's conduct would have no consequences under Pennsylvania law.

*Id.*, 713 A.2d at 745.

sons, the Supreme Court affirmed our decision in *Eck* (see footnote 6 *supra* ), holding that Maryland's DUI statute, § 21–902(b), is not substantially similar to Pennsylvania's DUI provisions.

Following *Petrovick,* and *Eck,* we hold that Maryland's DUI statute is not substantially similar to Article IV(a)(2) of the Compact, and, therefore, that the Common Pleas Court correctly sustained Tindal's statutory appeal.

Accordingly, the order of the Common Pleas Court is affirmed.

## *O R D E R*

**NOW**, July 28, 2000, the February 5, 1998 order of the Court of Common Pleas of Lancaster County, Civil Division, at No. CI–97–07619, is hereby affirmed.