**Christopher J. PERRY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 2001.

Decided May 25, 2001.

Paul J. Cordaro, Pittsburgh, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

Before SMITH, J., FRIEDMAN, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Christopher J. Perry (Licensee) appeals from an order of the Court of Common Pleas of the Forty–Fourth Judicial District, Wyoming County Branch (trial court), denying his statutory appeal from a one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to Section 1532(b)(3) and Article IV(a)(2) of Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. §§ 1532(b)(3), 1581.[1] We affirm.

The facts of this case are not in dispute. Licensee was arrested in Vermont on March 18, 2000, and charged with driving while under the influence of an intoxicating liquor pursuant to 23 V.S.A. § 1201(a)(2) (Vermont DUI statute).[2] Licensee subse-

---

1. Section 1532(b)(3) of the Code provides that DOT "shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance)....." Article IV(a)(2) of Section 1581 of the Code addresses the Driver's License Compact (the Compact), an agreement among most of the states to promote compliance with each party state's motor vehicle laws, and provides that "[t]he licensing authority in the home state, for the purposes of suspension,... shall give the same effect to the conduct reported... as it would if such conduct had occurred in the home state in the case of convictions for... driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug....."

2. This statutory provision in Vermont proscribes various forms of driving while intoxicated and provides, in pertinent part, as follows:

1201. Operating vehicle under the influence of intoxicating liquor or other substance; criminal refusal

(a) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway:

(1) when the person's alcohol concentration is 0.08 or more, or 0.02 or more if the person is operating a school bus as defined in subdivision 4(34) of this title; or

(2) when the person is under the influence of intoxicating liquor; or

(3) when the person is under the influence of any other drug or under the combined

quently pleaded guilty and was convicted of this offense on April 3, 2000. As both Vermont and Pennsylvania are members of the Compact, authorities in Vermont reported the conviction to authorities in Pennsylvania, as required by Article III of the Compact.[3] Pursuant to Article IV(a)(2) of the Compact, DOT treated the out-of-state conviction as if Licensee had been convicted under Section 3731 of the Code, 75 Pa.C.S. § 3731, Pennsylvania's statute prohibiting driving under the influence. DOT proceeded to issue Licensee a notice dated May 19, 2000, advising him that his operating privilege within the Commonwealth was being suspended for a period of one year as a result of his Vermont conviction. The effective date of this suspension was June 23, 2000.

Licensee filed a *pro se* statutory appeal of his suspension with the trial court. The trial court conducted a hearing *de novo* on October 2, 2000. At this hearing, DOT introduced into evidence, without objection, a packet of documents, duly certified and under seal, from the Secretary of Transportation. The packet included a copy of the notice received from authorities in Vermont detailing Licensee's charged offense and subsequent conviction. DOT also presented the trial court with

copies of the Vermont DUI statute. The trial court took judicial notice of the statute.

The trial court then informed Licensee that DOT had presented prima facie evidence of his Vermont conviction and that the burden had shifted to him to rebut the same. Licensee raised an issue regarding the subsection of the Vermont DUI statute under which he pled guilty but later acknowledged that it was 23 V.S.A. § 1201(a)(2). Licensee also raised an issue concerning the adequacy of the notice received from the authorities in Vermont.[4] Further, Licensee raised an issue concerning an alleged lack of similarity between Vermont's DUI statute and Article IV(a)(2) of the Compact. The trial court took the case under advisement and later issued an order dated October 23, 2000, denying Licensee's appeal.

Licensee thereafter filed a notice of appeal with the trial court and the trial court issued an opinion in support of its order. In its opinion, the trial court noted that the language of the Vermont DUI statute was nearly identical to that of a New Jersey statute, which prohibits an individual from operating a motor vehicle "while under the

---

influence of alcohol and any other drug to a degree which renders the person incapable of driving safely.
23 V.S.A. § 1201(a)(1)-(3).

**3.** Article III of the Compact provides as follows:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute...violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered...and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581, Article III.

**4.** Licensee argued that the notice was insufficient as it failed to provide a description of the subsection of the Vermont statute under which he pled guilty. Licensee relied on our decision in *Scott v. Department of Transportation, Bureau of Driver Licensing*, 730 A.2d 539 (Pa.Cmwlth.1999), *petition for allowance of appeal granted*, —— Pa. ——, 771 A.2d 1292 (2001), for support. In *Scott*, we held that DOT satisfied its initial burden under the Compact when it presented a New Jersey conviction report that not only cited the New Jersey statute, but also provided a textual description of the specific violation by the licensee.

influence of intoxicating liquor." N.J.S. § 39:4–50(a). The trial court also noted our previous holdings that this New Jersey statute was substantially similar to Article IV(a)(2) of the Compact.[5]

■ On appeal to this Court,[6] Licensee argues that the trial court erred as a matter of law in dismissing his appeal. More specifically, Licensee once again argues that Vermont's DUI statute is not substantially similar to Article IV(a)(2) of the Compact and that the notice received from the authorities in Vermont was inadequate under Article III of the Compact. We disagree as to both of these contentions.

■ With respect to the lack of substantial similarity argument, Licensee relies heavily on our Supreme Court's decision in *Petrovick v. Department of Transportation, Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999). In *Petrovick*, the Court held that although Pennsylvania's driving under the influence (DUI)

offense[7] was substantially similar to Article IV(a)(2) of the Compact, New York's DWAI offense was not substantially similar to Article IV(a)(2) of the Compact because the DWAI offense required a lesser degree of impairment than that required by Article IV(a)(2).[8]

However, the General Assembly has since effectively overruled *Petrovick* with the enactment of Section 1586 of the Code, 75 Pa.C.S. § 1586. The Court in *Petrovick* noted the addition of Section 1586 of the Code to the Compact, but refused to apply the same retroactively.[9] Section 1586 provides as follows:

> The department shall, for purposes of imposing a suspension or revocation under Article IV of the compact, treat reports of convictions received from party states that relate to driving, operating or being in actual physical control of a vehicle while impaired by or under the

---

**5.** See *Scott; Kiebort v. Department of Transportation, Bureau of Driver Licensing*, 719 A.2d 1139 (Pa.Cmwlth.1998), *reversed on other grounds*, 564 Pa. 33, 764 A.2d 18 (2001); *Seibert v. Department of Transportation, Bureau of Driver Licensing*, 715 A.2d 517 (Pa. Cmwlth.1998).

**6.** Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

**7.** Pennsylvania's DUI statute provides as follows:

(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle in any of the following circumstances:
(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

**8.** This Court previously reached a similar conclusion in *Olmstead v. Department of Transportation, Bureau of Driver Licensing*, 677

A.2d 1285 (Pa.Cmwlth.1996), *affirmed*, 550 Pa. 578, 707 A.2d 1144 (1998), wherein we held that a DWAI offense in New York was not substantially similar to a DUI offense in Pennsylvania. However, in *Petrovick*, our Supreme Court indicated that "the Compact does not call for a direct comparison of Pennsylvania's statute to the out-of-state statute." *Petrovick*, 559 Pa. at 619, 741 A.2d at 1266. Instead, the Court in *Petrovick* indicated that the Compact requires a two-pronged test, first evaluating whether there is a Pennsylvania offense which is "of a substantially similar nature" to the provisions of Article IV(a)(2) and second evaluating whether there is an out-of-state offense which is "of a substantially similar nature" to Article IV(a)(2). Further, the Court in *Petrovick* held that both prongs must be satisfied before DOT can sanction a Pennsylvania citizen for an out-of-state conviction.

**9.** *Petrovick* actually involved three licensees. However, the licensees' cases were all heard prior to the effective date of Section 1586, i.e., December 21, 1998.

influence of alcohol, intoxicating liquor, drugs, narcotics, controlled substances or other impairing or intoxicating substance as being substantially similar to section 3731 (relating to driving under influence of alcohol or controlled substance). The fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.

75 Pa.C.S. § 1586. As noted above, the basis of the Court's decision in *Petrovick* was the differing degree of impairment required by the New York DWAI statute. However, Section 1586 of the Code expressly rejects such a distinction.[10]

Moreover, as noted by the trial court in this case, we have previously considered this argument regarding a New Jersey statute, which is nearly identical to Vermont's DUI statute, and held that the New Jersey statute was substantially similar to Article IV(a)(2) of the Compact. *Scott; Kiebort; Seibert.* Additionally, we have previously considered this argument regarding a West Virginia statute, which is identical to the provision of Vermont's

DUI statute under which Licensee was convicted, and held that the West Virginia statute was substantially similar to Article IV(a)(2) of the Compact. *See Hunt v. Department of Transportation, Bureau of Driver Licensing,* 750 A.2d 922 (Pa. Cmwlth.2000), *petition for allowance of appeal denied,* 564 Pa. 718, 764 A.2d 1073 (2000); *Hook v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 458 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 564 Pa. 718, 764 A.2d 1073 (2000). Thus, we cannot say that Vermont's DUI statute is not substantially similar to Article IV(a)(2) of the Compact.

■ With respect to the notice received from authorities in Vermont, Licensee argues that it fails to sufficiently describe the statute that he violated. However, Licensee's argument in this regard is without merit. As noted above, Article III of the Compact requires such notice to "describe the violation specifying the section of the statute...violated." The notice provided by the authorities in Vermont specifically describes Licensee's offense as "DWI" and further cites to 23 V.S.A. § 1201(a)(2) as the Section of the statute that Licensee violated. We do not believe that any further description is necessary or required under Article III of the Compact.[11] Thus, we cannot say that the no-

---

10. Licensee also relies on *Tindal v. Department of Transportation, Bureau of Driver Licensing,* 756 A.2d 724 (Pa.Cmwlth.2000), for support. In *Tindal,* we held that Maryland's DUI statute was not substantially similar to Article IV(a)(2) of the Compact as it failed to specify the degree to which a person must be under the influence of alcohol. Similar to the statute in this case, the Maryland DUI statute prohibits a person from driving a motor vehicle "while under the influence of alcohol." Md.Code, Transp. § 21–902(b). However, Licensee's reliance on *Tindal* is misplaced, as *Tindal's* conviction occurred on May 2, 1997,

approximately eighteen months prior to the enactment of Section 1586 of the Code.

11. Furthermore, we note that even if we found the description of Licensee's offense to be insufficient under Article III of the Compact, the recent amendment to Section 1584 of the Code, 75 Pa.C.S. § 1584, as well as our Supreme Court's recent decision in *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000), prohibits finding in favor of Licensee. Section 1584 of the Code was amended to provide that "[t]he omission from any report received by [DOT]

tice received from the authorities in Vermont was inadequate under Article III of the Compact. Nor can we say that the trial court erred as a matter of law in dismissing Licensee's appeal.

Accordingly, the order of the trial court is affirmed.

SMITH, J., dissents.

### ORDER

AND NOW, this 25th day of July, 2001, the order of the Court of Common Pleas of the Forty Fourth Judicial District, Wyoming County Branch, is hereby affirmed.

from a [Compact] party state of any information required by Article III of the compact shall not excuse or prevent [DOT] from complying with its duties under Articles IV and V of the compact." In *McCafferty,* our Supreme Court held that Article III of the Compact does not prohibit DOT from relying on information contained in an out-of-state report even if the report lacks certain information specified in Article III. *See also Zalewski v. Department of Transportation, Bureau of Driver Licensing,* 767 A.2d 19 (Pa.Cmwlth.2001).