Dean A. Sutherland, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 6, 1979, before President Judge Bowman and Judges CRUMLISH, JR., MENCER, BLATT, DISALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR. and ROGERS did not participate.

*William J. Ricci*, with him *Edward F. Muller, Jr.*, and *Lawhorne, Muller & Bowie*, for appellant.

*Harold H. Cramer*, Assistant Attorney General, with him *Francis P. Bach*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Edward G. Biester, Jr.*, Acting Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, September 7, 1979:

This is an appeal from an order of the Court of Common Pleas of Delaware County dismissing the appeal of Dean A. Sutherland (Appellant) from an order of the Secretary of Transportation revoking his operating privileges for a period of one year.

The following facts were stipulated before the trial court. On January 4, 1977, Appellant, a resident of Delaware County, pleaded guilty to operating his motor vehicle while under the influence of intoxicating liquor, a violation of Section 1037 of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. 1037,[1] in the Court of Common Pleas

---

[1] Repealed by Section 7(a) of the Act of June 17, 1976 (Act), P.L. 162, *as amended* (found in the Appendix to 75 Pa. C.S.). A similar provision is found in the Vehicle Code, 75 Pa. C.S. §3731.

of Cumberland County, where the violation occurred. Upon receipt of notice of Appellant's plea, the Secretary issued an order revoking Appellant's operating privileges for one year pursuant to Section 616(a)(1) of the Code, *formerly* 75 P.S. §616(a)(1).[2]

At the time Appellant's plea of guilty was entered, Cumberland County had no Accelerated Rehabilitative Disposition (ARD) program.[3] Delaware County did have such a program, and, had Appellant been admitted thereto, it is probable that his operator's license would have been taken from him for a period of three months.[4]

Appellant contends that it is impermissible under the equal protection clause of the United States Constitution to make the revocation of one's driving privileges for violating Section 1037 of the Code dependent on the county in which one is prosecuted.

Initially, we consider it important to observe the differences between what happens to the accused under the ARD program and what happens to him where no such program exists. Where ARD is in effect, the accused is admitted to the program at the discretion of the court *before* any plea is made to an information or indictment. If he is admitted to the program, the rehabilitative measures are more or less at the discretion of the court.[5] If he successfully completes the ARD program, the charges are then dismissed by the

---

[2] Repealed by Section 7(a) of the Act. A similar provision is now found in 75 Pa. C.S. §1532(b)(1).

[3] Pa. R. Crim. P. 175-85, inclusive.

[4] In other counties where ARD programs are in effect, rehabilitative dispositions for those accused of driving under the influence vary from no action with respect to the accused's operator's license to removal of the license for six months.

[5] See Pa. R. Crim. P. 182. Since it was not raised, we do not address the issue of the authority of a court to take any action against the operating license of the accused.

court. Since there is never a plea or trial with respect to the charges against the accused throughout the entire ARD process, the Secretary is never involved and obviously has no authority to act against the accused's operating privileges.

On the other hand, when the accused is not admitted to the ARD program or where there is no ARD program available, the usual criminal procedures apply and the accused, if he does not plead guilty to the indictment or information, is tried. If he pleads guilty or is convicted of the offense of driving under the influence, this fact must be reported immediately by the Clerk of Courts to the Secretary, who has *no* discretion. *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968). The revocation of the operator's license for one year is mandatory. Of course, the matter for review here, as it was in the trial court, is the revocation order, not the conviction. *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978). The revocation order follows the conviction or plea of guilty and all who are convicted are treated alike, regardless of where they reside or were prosecuted.

The availability of ARD to an offender is entirely unrelated to the mandatory provisions of the Code governing the revocation of operating privileges. Moreover, it has already been determined that even if Appellant had been prosecuted in a county which had an ARD program, he would have had no constitutional right to participate in it. *Commonwealth v. Kindness,* 247 Pa. Superior Ct. 99, 371 A.2d 1346 (1977). In *Kindness* our Superior Court also addressed the issue of whether the fact that some counties in Pennsylvania have ARD programs, while others do not, violates the equal protection clause. In a well-reasoned and carefully researched opinion, Judge, now President Judge,

CERCONE, writing for a majority of that Court, concluded that there was no such violation.

In summary, we conclude that all persons who are convicted of, or plead guilty to, the charge of operating under the influence of intoxicating liquor are treated the same by the Secretary with respect to the revocation of their operating privileges, and therefore Appellant's right to equal protection under the law has not been violated.

Order affirmed.

Judge DiSALLE concurs in result only.

ORDER

AND Now, this 7th day of September, 1979, the order of the Court of Common Pleas of Delaware County dated August 4, 1977, dismissing the appeal of Dean A. Sutherland is affirmed.