**Peter Todd KIEBORT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 5, 1998.

Decided Oct. 30, 1998.

---

John J. Kerrigan, Newtown, for appellant.

Timothy P. Wile, Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

Peter Todd Kiebort appeals a Chester County Court of Common Pleas (trial court) order denying his appeal from a one-year suspension of his motor vehicle operating privileges by the Pennsylvania Department of Transportation (Department).[1]

On August 23, 1997, Kiebort, a Pennsylvania resident, was charged with violating N.J.S.A. § 39:4–50(a) (relating to driving under the influence of liquor or drugs) (DUI). He was later convicted of the charge in a New Jersey Court.

By notice dated September 19, 1997, the Department informed Kiebort:

> Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW JERSEY of your conviction on 09/02/1997 of an offense which occurred on 08/23/1997, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER THE INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1523B of the Vehicle Code.

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581 sets forth the provisions of the Driver's License Compact of 1996 (Compact). Article III of the Compact [Reports of Conviction] states in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Article IV of the Compact [Effect of Conviction] partially sets forth:

> (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article II of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

> . . .

> (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle. . . .

> . . .

> (c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar nature* and the laws of such party state shall contain such provisions as may be neces-

---

[1] Our scope of review is limited to determining whether findings of fact are supported by competent evidence, and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 684 A.2d 539 (1996); *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

sary to ensure that full force and effect is given to this article.

(Emphasis added).

■ Kiebort raises six arguments before us. First, he contends that the suspension which he received in Pennsylvania, and that which he received in New Jersey, are not reciprocal and thus violative of Article IV of the Compact. Kiebort received a 180–day suspension of his operating privileges in New Jersey. In Pennsylvania he received a one-year suspension of his operating privileges. Contrary to Kiebort's claim, Article IV of the Compact does not require that the length of the suspension he receives in Pennsylvania be the same as the length of the suspension he received in New Jersey. Indeed, Article IV requires that the licensing authority in the home state "give the same effect to the *conduct* reported ... as it would if such conduct had occurred in the home state ..." *Id.* (emphasis added). The Supreme Court has interpreted this language as meaning that a DUI conviction reported to the Department from a party state to the Compact is to be treated as if the Pennsylvania licensee had been convicted of violating Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a). *Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481 (1998). A conviction for violating 75 Pa.C.S. § 3731(a) mandates a one-year suspension under the clear language of 75 Pa.C.S. § 1532(b)(3). *See Commonwealth v. Wolf,* 534 Pa. 283, 632 A.2d 864 (1993). Accordingly, this argument must be dismissed as without merit.

■ Second, Kiebort claims that his license suspension in Pennsylvania should be one to four months rather than one-year because he would have qualified for Accelerated Rehabilitative Disposition (ARD) if his offense had occurred in Pennsylvania.[2] Kie-

bort fails to recognize that a conviction had been entered against him in New Jersey prior to the imposition of his license suspension in Pennsylvania. By being found guilty of DUI in New Jersey, Kiebort was, in effect, convicted of that same offense in Pennsylvania. 75 Pa.C.S. § 6501. Thus, the trial court, in accordance with 75 Pa.C.S. § 3731, had no other option than to impose the mandatory one-year license suspension.

■ Additionally, the fact that Kiebort may have been eligible for ARD had his offense occurred in Chester County is in no way evidence of a violation of his right to equal protection under the law. *See Sutherland v. Commonwealth,* 45 Pa.Cmwlth. 490, 407 A.2d 1364 (Pa.Cmwlth.1979). In *Sutherland,* this Court held that a defendant's right to equal protection was not violated when he pled guilty to operating his motor vehicle while under the influence of intoxicating liquor in a county which did not have an ARD program and his license was suspended for one year, despite the fact that in counties where the program was available an accused's operating privileges would have be taken from him for a lesser period of time. *Id.* Third, Kiebort argues that the New Jersey DUI statute is not substantially similar to Pennsylvania's DUI statute and thus violative of Article IV of the Compact. In *Commonwealth v. Whisnant,* 390 Pa.Super. 192, 568 A.2d 259 (1990), the Superior Court addressed the similarity of the DUI statutes in Pennsylvania and New Jersey and stated as follows:

> Presently, the elements of a Pennsylvania DUI offense and a New Jersey DUI offense are substantially identical. *Both define this offense as the operation of a motor vehicle while under the influence of alcohol or with a blood alcohol concentration of 0.10% or more.* The prohibited conduct, as well as the underlying public

---

2. For defendants who are charged with driving under the influence in Chester County, a DUI–ARD program has been instituted which allows defendants to reduce their license suspension period and *earn a dismissal of the pending charges.* The primary purpose of the ARD program in Chester County is the prompt disposition of charges, eliminating the need for costly and time-consuming trials and other court proceedings. The ARD program is available to certain

carefully screened defendants, ordinarily first offenders, who lend themselves to treatment and rehabilitation rather than punishment, and who are unlikely to commit another crime. *See* Chester County District Attorney's ARD Policy. The district attorney and the trial court judge must both agree that the defendant should receive the benefit of ARD. *Commonwealth v. Kindness,* 247 Pa.Super. 99, 371 A.2d 1346 (1977).

policy, of the Pennsylvania and New Jersey criminal statutes at issue in this case are the same.

*Id.*, 390 Pa.Super. at 195, 568 A.2d at 260–61(citations omitted) (emphasis added).

Since the Superior Court delivered its decision in *Whisnant*, the similarity of the statutes has remained. *Seibert v. Department of Transportation, Bureau of Driver Licensing*, 715 A.2d 517 (Pa.Cmwlth.1998). Accordingly, this Court rejects Kiebort's argument in this regard.

■ Fifth, Kiebort argues that 18 Pa.C.S. § 102 bars the suspension of his license for his DUI conviction in New Jersey. 18 Pa.C.S. § 102, entitled "Territorial Applicability," provides that persons may be *convicted* under the laws of Pennsylvania in six specifically enumerated circumstances for conduct occurring outside the Commonwealth. Kiebort argues his New Jersey conduct does not fall within any of those circumstances.

In the instant case however, 18 Pa.C.S § 102 is inapplicable because, by its own terms, it is limited to criminal convictions. Kiebort's license suspension in Pennsylvania was a civil consequence of his DUI conviction in New Jersey, not a criminal conviction. *See Krall v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 63 (Pa.Cmwlth.1996).

Kiebort's sixth claim of error is that he did not receive proper notice of his suspension. Specifically, he argues that the suspension notice does not contain any reference to his New Jersey DUI conviction. He also claims that the Department's reference to 75 Pa. C.S. § 1532(b) does not permit a license suspension for violations of statutes which are "equivalent" or "substantially similar" to Pennsylvania's DUI statute.

■ The Department's suspension notice informed Kiebort that the suspension action took place pursuant to 75 Pa.C.S. §§ 1581 and 1532(b)[3]. When read together, these statutes clearly authorize the suspension of motor vehicle operating privileges for the reasons asserted by the Department. Finally, the notice provided Kiebort with the fact that the suspension was based upon his New Jersey DUI conviction and with the dates of the DUI violation and conviction. Thus, this Court concludes that there was sufficient information included in the notice to satisfy Kiebort's rights to procedural due process.

■ As his fourth argument, Kiebort claims that New Jersey has not complied with the reporting requirements of Article III of the Compact and thus his license suspension should be reversed. Article III of the Compact [Reports of Conviction] sets forth:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report *shall* clearly identify the person convicted, describe the violation specifying the section of the statute, code, or ordinance violated, identify the Court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

(Emphasis added).

This Court has recently held that the reporting requirements of the Compact are mandatory. *Frank J. Mazurek v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth.1998). Thus, the report of conviction must contain (1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code, or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or whether the conviction resulted from a forfeiture of security. *Id.* In this case, New Jersey's report of conviction did not contain the third and fourth requirements. On this basis alone, the suspension

---

3. 75 Pa.C.S. § 1581 gives Pennsylvania the authority to impose the sanctions delineated in 75 Pa.C.S. § 1532, which include revocation or suspension of motor vehicle operating privileges, for out-of-state convictions related to the use or operation of a motor vehicle.

of Kiebort's operating privilege must be reversed.

Accordingly, the order of the trial court is hereby reversed.

## ORDER

AND NOW, this 30th day of October, 1998, the order of the Chester County Court of Common Pleas, dated November 21, 1997, at No. 97–08396 is hereby reversed.