# PennDOT v. Harrington

C.P. of Chester County, no. 99-02476.

*Michelle Fioravanti,* for plaintiff Office of Chief Counsel.

*Timothy P. Wile,* for plaintiff PennDOT.

*John J. Kerrigan Jr.,* for defendant.

MacELREE, *J.,* June 30, 1999—This case comes before me as a result of the suspension of defendant's driver's license. On May 6, 1999, I sustained defendant's statutory appeal, and reinstated his driving privileges. The Commonwealth now appeals the ruling, complaining that our interpretation of 75 Pa.C.S. §1581, article III of the Driver's License Compact and 75 Pa.C.S. §1584 was unduly restrictive, was in violation of the mandates under the Driver's License Compact, and beyond the limited scope of review of a bureau conviction-based suspension. We found the New Jersey notice to be deficient in that it lacked some of the information required by article III of the compact, and that 75 Pa.C.S. §1584 was not a cure for the lack of information required under article III of the compact.

On August 9, 1998, defendant, a resident of Pennsylvania, was arrested in New Jersey and charged with driving under the influence.[1] Subsequently, New Jersey sent notice to the Commonwealth of Pennsylvania regarding the defendant's conviction for violation of the New Jersey DUI statute. Upon examination I found that the notice provided the following information:

_____

1. N.J.S. §39:4-50(a).

## State Of New Jersey
## Division Of Motor Vehicles
## Out Of State Driver Violations Report

| Foreign License No. | Driver Name First/Mi/Last | Date of Birth | Sex | Eye Color |
|---|---|---|---|---|
| 20541115 | Lawrence J. Harrington III | 06/22/64 | M | Brown |

| Summons Number | Violation Date | New Jersey Statute | ANSI D20 | Convict Date |
|---|---|---|---|---|
| 139606 | 08/09/98 | 39:004-050A | DI1 | 01/27/99 |

| Conviction Offense Ref. | Conviction Locator Ref. | Description | | ACD=A98 |
|---|---|---|---|---|
| E12-V-0450 | NJ 139606 NN | Operate Under Influence Liq/Drugs | | |

(N.T. 5/6/99, p. 22.) The notice failed to identify the convicting court, and failed to indicate whether a plea of guilty or not guilty was entered or the conviction resulted from forfeiture of bail or security.

On February 26, 1999, following the Commonwealth's receipt of the above notice, defendant was notified by the department that his Pennsylvania driver's license and operating privileges would be suspended for one year pursuant to 75 Pa.C.S. §3731 of the Pennsylvania Motor Vehicle Code. The defendant appealed the license suspension. On May 6, 1999, I sustained defendant's statutory appeal, and reinstated his driving privileges. The Commonwealth now appeals this decision pursuant to 75 Pa.C.S. §1550.

The Driver's License Compact found at 75 Pa.C.S. §1581, reads in pertinent part:

"Article III

"The licensing authority of a party state shall report each conviction of a person from another party state oc-

curring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, *identify the court* in which action was taken, *indicate whether a plea of guilty or not guilty was entered* or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith. (emphasis added)

"Article IV

"(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported . . . as it would if such conduct had occurred in the home state in the case of convictions for: . . . (2) driving a motor vehicle while under the influence of intoxicating liquor . . . ."

The Driver's License Compact is recognized by New Jersey under N.J.S. §§39:5D-1 to 39:5D-14.

The Commonwealth Court has ruled that the reporting requirements of the compact are mandatory and not subject to the discretion of the reporting state. *Mazurek v. PennDOT,* 717 A.2d 23 (Pa. Commw. 1998); *Kiebort v. PennDOT,* 719 A.2d 1139 (Pa. Commw. 1998). The report of conviction from the reporting state *must* contain: "(1) the identity of the person convicted; (2) a description of the violation including the section of the statute . . . violated; (3) the identity of the court in which the person was convicted; (4) and an indication of the plea [guilty or not guilty] or whether the conviction resulted from a forfeiture of security." *Kiebort,* 719 A.2d at 1143.

In *Kiebort,* a Pennsylvania driver was charged and convicted by a New Jersey court of violating N.J.S.

§39:4-50(a) relating to driving under the influence of alcohol or drugs. The Pennsylvania Department of Transportation was notified and suspended the driver's license. The Commonwealth Court reversed, holding that New Jersey's report of conviction failed to identify the court in which the defendant was convicted and failed to indicate the nature of the plea or whether the conviction resulted from a forfeiture of security.

After *Kiebort,* a legislative amendment under 75 Pa.C.S. §1584 purports to relax the reporting requirements of article III as it eliminated the need for reporting states to report all of the information required under article III. 75 Pa.C.S. §1584 now reads in pertinent part:

"The omission from any report received by the department from a party state of any information required by article III of the compact shall not excuse or prevent the department from complying with its duties under article IV and V of the compact."[2]

The amendment violates the specific requirements of article III of the compact and it violates due process requirements under the United States and Pennsylvania constitutions. The purpose of due process notice is founded on the concept of fundamental fairness. Due process requires that the defendant have enough information to respond to the charge. An examination of 75 Pa.C.S. §1584 reveals a broad and sweeping provision which permits Pennsylvania to suspend a driver's license where "any information" is omitted from the report required by article III of the compact. Applying 1584 literally could result in Pennsylvania suspending the license of a driver where the report only contained the licensee's

---

2. Amended December 21, 1998.

name or operator's license number. Such notice would be really no notice at all because it would lack fundamental facts sufficient to advise the licensee of who, what, where or when an alleged violation occurred. It would be the equivalent of a criminal information which read only "John Jones, you violated the law" or a civil complaint which read only "John Jones owes me money."

The Fifth Amendment to the United States Constitution mandates that no person shall "be deprived of life, liberty, or property, without due process of law . . . ." The Fourteenth Amendment to the constitution "operates to extend . . . the same protection against arbitrary state legislation, affecting life, liberty, and property, as is offered by the Fifth Amendment." *Hibben v. Smith*, 191 U.S. 310, 325 (1903).

"The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be 'condemned to suffer grievous loss,' . . . and depends upon whether the recipient's interest in avoiding that loss outweighs the governmental interest in summary adjudication." *Goldberg v. Kelly,* 397 U.S. 254, 262-63 (1970) (quoting *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 168 (1951) (Justice Frankfurter concurring)).

"Identification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interests that will be affected by the official action; second, the risk of erroneous depravation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards; and, finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute proce-

dural requirements would entail." *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

In *Bell v. Burson,* 402 U.S. 535, 541-42 (1971), the U.S. Supreme Court ruled that the State of Georgia violated due process under the state's Motor Vehicle Safety Responsibility Act by requiring suspension of an uninsured's driver's license and registration unless they posted security to cover damages claimed by aggrieved parties after an accident. In striking down the statute, the Supreme Court stated:

"Once licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." *Id.* at 539. (citations omitted)

The defendant is entitled to the proper constitutional notice as is set forth in article III of the compact.

75 Pa.C.S. §1581 article III reporting requirements satisfy due process under *Bell v. Burson.* However, the amendment under 75 Pa.C.S. §1584, relaxing the reporting requirements of the Driver's License Compact dilutes the notice requirement to the point where article III and due process are both violated. Absent all the information required under article III, the notice is defective for purposes of enforcing the compact.

We believe that if 75 Pa.C.S. §1584 is allowed to stand and thus modify the compact then the compact would fail to meet the minimum notice requirements due process demands. However, if we strike down section 1584 then the unmodified compact is left intact as constitutionally sound. We choose the path of least destruction and strike down 75 Pa.C.S. §1584 as unconstitutional.