**Nick LEFTHERIS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 20, 1998.

Decided July 6, 1999.

---

Stephen G. Delpero, Sharon, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before FLAHERTY, J., LEADBETTER, J., and NARICK, Senior Judge.

LEADBETTER, Judge.

Nick Leftheris appeals an order of the Court of Common Pleas of Mercer County (trial court), which dismissed his statutory appeal of a one year suspension of his operating privilege. We affirm.

■ Pursuant to the Driver's License Compact (Compact), 75 Pa.C.S. § 1581,[1] the Department of Transportation (Department) suspended Leftheris' operating privilege for one year after it received notice from the Ohio Department of Transportation that Leftheris had been convicted in Ohio on October 16, 1997 of driving under the influence (DUI). Specifically, Leftheris was convicted of violating subsection (A)(3) of the Ohio DUI statute, Ohio Rev.Code § 4511.19,[2] which prohibits the operation of a vehicle by a person with an alcohol concentration of 0.10% or higher. Leftheris appealed his suspension to the trial court, which denied the appeal. This appeal followed.[3]

1. Article III of the Compact provides in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." 75 Pa.C.S. § 1581. Article IV of the Compact requires the home state, for purposes of license suspensions or revocations, to give the same effect to the conduct reported under Article III that would be given if the conduct had occurred in the home state. *Id.*

2. Ohio Rev.Code § 4511.19(A)(3) provides:

(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

. . . .

(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath.

3. Since there are no disputed issues of fact and Leftheris' appeal presents this court with only questions of law, our review is plenary. *Department of Transp., Bureau of Driver Licensing v. Clayton*, 546 Pa. 342, 347 n. 4, 684 A.2d 1060, 1062 n. 4 (1996).

On appeal, Leftheris concedes that the language and prohibited conduct of subsection (A)(3) of the Ohio DUI statute is substantially similar to the language and prohibited conduct of subsection (a)(4) of the Pennsylvania DUI statute.[4] He nevertheless argues that the two statutes are not substantially similar because Ohio does not offer first time DUI offenders a pretrial diversion program equivalent to Pennsylvania's Accelerated Rehabilitation Disposition (ARD)[5] program. We disagree.

In *Ellis v. Department of Transportation, Bureau of Driver Licensing*, 732 A.2d 1290 (Pa.Cmwlth.1999), we concluded that the subsection of Wyoming's DUI statute proscribing driving with a blood alcohol concentration of 0.10% or more is substantially similar to its virtually identical counterpart in the Pennsylvania DUI statute [75 Pa.C.S. § 3731(a)(4)] and to the offense articulated in Article IV(a)(2) of the Compact.[6] For the reasons set forth in *Ellis*, we hold that subsection (A)(3) of the Ohio DUI statute is substantially similar to subsection (a)(4) of the Pennsylvania DUI statute and to Article IV(a)(2) of the Compact.

Moreover, based on our recent decisions in *Kiebort v. Department of Transportation, Bureau of Driver Licensing*, 719 A.2d 1139 (Pa.Cmwlth.1998) and *Seibert v. Department of Transportation, Bureau of Driver Licensing*, 715 A.2d 517 (Pa. Cmwlth.1998), we reject Leftheris' contention that the unavailability of ARD defeats the substantial similarity of the two statutes. In *Kiebort*, Kiebort's Pennsylvania driving privilege was suspended for one year pursuant to the Compact after he was convicted of DUI in New Jersey. On appeal, he argued that he should receive only a one to four month suspension rather than the one year suspension because he would have qualified for ARD had his offense occurred in Pennsylvania. 719 A.2d at 1142. We found no merit in this argument, citing our decision in *Sutherland v. Commonwealth*, 45 Pa.Cmwlth. 490, 407 A.2d 1364 (1979), wherein we stated that the "availability of ARD to an offender is entirely unrelated to the mandatory provisions of the [Vehicle] Code governing the [suspension] of operating privileges." *Id.* at 1366. The Compact contains no requirements regarding the consequences of violating a DUI statute or the duration of those consequences except to provide that the member state must give the same effect to substantially similar conduct reported by another member state as if such conduct had occurred in the home state.

Accordingly, the order of the trial court is affirmed.

4. Subsection (a)(4) of Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a)(4), provides that "[a] person shall not drive, operate or be in actual physical control of the movement of any vehicle: ... (4) while the amount of alcohol in the blood of the person is 0.10% or greater."

5. Most Pennsylvania counties have instituted ARD programs, which allow certain defendants charged with DUI to reduce their license suspension period and earn a dismissal of the pending charges. Acceptance into these programs, however, is discretionary and not a matter of right.

6. Article IV of the Compact provides:
(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:
(1) manslaughter or negligent homicide resulting from the operation of a motor vehicle;
(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;
(3) any felony in the commission of which a motor vehicle is used; or
(4) failure to stop and render aid in the event of a motor vehicle accident resulting in the death or personal injury of another. 75 Pa.C.S. § 1581.

## *O R D E R*

AND NOW, this 6th day of July, 1999, the order of the Court of Common Pleas of Mercer County in the above captioned matter is hereby affirmed.