**Ryan C. BARTOE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 2, 2000.

Decided Dec. 29, 2000.

---

Raymond P. Amatangelo, Donora, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before DOYLE, President Judge, FRIEDMAN, Judge and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.[1]

Ryan C. Bartoe (Bartoe) appeals from the December 28, 1999 order of the Court of Common Pleas of Washington County (trial court), which denied Bartoe's appeal of the one-year driver's license suspension imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to sections 1532(b)(3) and 1581 of the Vehicle Code, 75 Pa.C.S. §§ 1532(b)(3) and 1581.[2] We affirm.

DOT suspended the operating privileges of Bartoe when the State of West Virginia reported his conviction for a violation of section 333.01 of the City of Morgantown's Municipal Ordinance, which relates to DUI. (R.R. at 14a–15a, 20a–24a.) Bartoe appealed to the trial court, which held a hearing on the matter. At the hearing, DOT presented certified documents in order to establish the underlying DUI conviction in the State of West Virginia.

Bartoe subsequently argued to the trial court that: (1) the documents were deficient because they did not contain all of the information required by Article III of

---

1. On August 23, 2000, this case was placed on hold pending the outcome of *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000).

2. Section 1532(b)(3) of the Vehicle Code states:

   [DOT] shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) ... or substantially similar offenses reported to [DOT] under Article III of section 1581....

   75 Pa.C.S. § 1532(b)(3).

Section 1581 of the Vehicle Code enacts into law the Driver's License Compact. Article III of the Driver's License Compact states:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581.

the Driver's License Compact; and (2) the City of Morgantown's DUI ordinance is not substantially similar in nature to the Pennsylvania DUI law. The trial court rejected these arguments. The trial court first determined that, because section 1584 of the Vehicle Code allows for the omission of any information required by Article III from an out-of-state conviction report,[3] the documents presented by DOT were sufficient to justify the suspension of Bartoe's driving privileges. The trial court also held that, because the city's DUI ordinance was the same as West Virginia's DUI law and because this court has held that West Virginia's DUI law is substantially similar to Pennsylvania's DUI law,[4] the suspension is justified.

■ On appeal to this court,[5] Bartoe argues that the information provided by the State of West Virginia to DOT is insufficient to meet Article III requirements for a suspension of Bartoe's operating privileges by DOT. We disagree.

In *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000), our supreme court stated that Article III of the Driver's License Compact relates *only* to a party state reporting a conviction within its jurisdiction. Article III is *not* mandatory for the home state. *Id.* The court further stated that it is the conduct underlying the out-of-state conviction that triggers DOT's duty to suspend a license under Article IV of the Compact, and defects in an out-of-state conviction report that are technical and immaterial as to the conduct do not render a license suspension erroneous.[6] *Id.*

Here, the certified conviction report indicates that: (1) the original charge against Bartoe was driving under the influence (DUI), a violation of "333.01," (R.R. at 14a); (2) the charge was later reduced to "DUI under 21,"[7] (R.R. at 15a); and (3) the court found Bartoe guilty of the charge of "DUI under 21." Section 333.01(g) of the City of Morgantown's Municipal Ordinance states:

Any person under the age of twenty-one years who drives a vehicle ... while he or she has an alcohol concentration in his or her blood of two hundredths of

3. Section 1584 of the Vehicle Code section provides as follows:
   **Furnishing of information to other states**
   [DOT] shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV and V of the compact. *The omission from any report received by [DOT] from a party state of any information required by Article III of the compact shall not excuse or prevent [DOT] from complying with its duties under Articles IV and V of the compact.*
   75 Pa.C.S. § 1584 (emphasis added).

4. The trial court cited *Hook v. Department of Transportation, Bureau of Driver Licensing*, 734 A.2d 458 (Pa.Cmwlth.1999), for this proposition.

5. Our scope of review is limited to determining whether the findings of fact are supported by competent evidence, whether the trial court committed an error of law or whether it abused its discretion. *Mazurek v. Department of Transportation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth.1998), *rev'd on other grounds, McCafferty.*

6. Article IV(a) of the Driver's License Compact states:

   The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the *conduct* reported, pursuant to Article III of this compact, as it would if such *conduct* had occurred in the home state in the case of convictions for ... driving a motor vehicle while under the influence of intoxicating liquor....
   75 Pa.C.S. § 1581 (emphasis added).

7. Bartoe suggests that the certified conviction report does not make clear that the charge was reduced to "DUI under 21." We disagree. The report contains a line for "Charge One," which indicates that the charge against Bartoe was DUI. Below is another line for use "if [the charge is] reduced to" a lesser offense. The court entered "DUI under 21" on that line. Thus, it is clear that the court reduced the charge to "DUI under 21." (*See* R.R. at 15a.)

one percent (0.02%) or more, by weight, but less than ten hundredths of one percent (0.10%), by weight, shall, for a first offense under this subsection, be guilty of a misdemeanor....

(R.R. at 22a.) Such information is sufficient to describe Bartoe's conduct and to enable DOT to give effect to that conduct as if the conduct had occurred in the Commonwealth. *See* 75 Pa.C.S. § 1581; Article IV(a). Thus, Bartoe's first argument must fail.

■ Bartoe next argues that section 333.01 of the City of Morgantown's Municipal Ordinance is not substantially similar to section 3731 of the Vehicle Code[8] because, unlike section 3731, section 333.01 provides for an alternative disposition program.[9] We disagree.

In *Leftheris v. Department of Transportation*, 734 A.2d 455 (Pa.Cmwlth.1999), this court stated that the substantial similarity of two statutes depends upon a comparison of the proscribed conduct, *not* the penalties or consequences of that conduct. We explained as follows:

> [T]he "availability of ARD to an offender is entirely unrelated to the mandatory provisions of the [Vehicle] Code governing the [suspension] of operating privileges." The Compact contains no requirements regarding the consequences of violating a DUI statute ... except to provide that the member state must give the same effect to substantially similar conduct reported by another member state as if such conduct had occurred in the home state.

8. 75 Pa.C.S. § 3731. Section 3731(a)(4)(ii) of the Vehicle Code states that a person shall not operate a vehicle while the amount of alcohol by weight in the blood of a minor is 0.02% or greater. 75 Pa.C.S. § 3731(a)(4)(ii). Section 3731(j) defines a "minor" as a person under 21 years of age. 75 Pa.C.S. § 3731(j).

9. Section 333.01 of the City of Morgantown's Municipal Ordinance provides in pertinent part as follows:

> A person who is charged with a first offense under the provisions of this subsection *may* move for a continuance of the proceedings from time to time to allow the person to

*Id.* at 457 (quoting *Sutherland v. Commonwealth*, 45 Pa.Cmwlth. 490, 407 A.2d 1364 (1979) (citation omitted)). Thus, here, the fact that section 333.01 of the City of Morgantown's Municipal Ordinance allows for the possibility of an alternative disposition program does not defeat its substantial similarity with section 3731 of the Vehicle Code.

Accordingly, we affirm.

### ORDER

AND NOW, this 29th day of December, 2000, the order of the Court of Common Pleas of Washington County, dated December 28, 1999, is affirmed.

> participate in the vehicle alcohol test and lock program.... Upon successful completion of the program, the court shall dismiss the charge against the person and expunge the person's record as it relates to the alleged offense. In the event the person fails to successfully complete the program, the court shall proceed to an adjudication of the alleged offense. A motion for a continuance under this subsection shall not be construed as an admission or be used as evidence.

(R.R. at 22a.)