**Frank J. MAZUREK**

v.

**Commonwealth of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 23, 2001.
Decided April 30, 2001.
Reconsideration Denied July 2, 2001.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

James H. Owen, Kittanning, for appellee.

Before COLINS, Judge, KELLEY, Judge, and LEDERER, Senior Judge.

COLINS, Judge.

This matter is on remand from the Supreme Court of Pennsylvania for consideration in light of the Court's ruling in *Commonwealth v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000). Due consideration having been given to the matter, we reverse the order of the Common Pleas Court Armstrong County (trial court) and reinstate the driver license suspension of Frank J. Mazurek (Mazurek).

In *Mazurek v. Department of Transportation, Bureau of Driver Licensing (Mazurek I )*, 717 A.2d 23, (Pa.Cmwlth.1998), *reversed and remanded*, 563 Pa. 343, 760 A.2d 848 (Pa.2000), the Supreme Court held that the reporting requirements of the Driver's License Compact (Compact), 75 Pa.C.S. § 1581, relate only to the reporting state and not to the home state, *i.e.*, Pennsylvania. We now review *Mazurek* in light of the pronouncement of the Supreme Court. The sole issue presented is whether Mazurek's Mentor City Ordinance 71.01(A)(3) conviction is substantially similar to Article IV(a)(2) of the Compact.

It is undisputed that pursuant to the Compact the Department of Transportation (Department) suspended Mazurek's operating privilege for one year upon receiving notice from the Ohio Department of Transportation that Mazurek had been convicted in Ohio on December 30, 1996 of the offense DUI–Alcohol/Liquor (DUI). The Department asserts that Mazurek's contention that the Mentor City Ordinance 71.01(A)(3) is not substantially similar to Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a)(4), lacks merit. We agree.

Subsection (a)(4) of Pennsylvania's DUI statute provides that

§ 3731. **Driving under influence of alcohol or controlled substance**

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

* * *

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater[.]

75 Pa.C.S. § 3731(a)(4).

Mentor City DUI ordinance states as follows:

§ 71.01 **Driving While Under the Influence; Evidence.**

(A) **Operation.** No person shall operate any vehicle within the Municipality if any of the following apply:

(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse.

* * *

(3) The person has a concentration of ten-hundredths (0.10) of one gram or more by weight of alcohol per 210 liters of his breath.

Ohio Rev.Code § 4511.19(A)(3) provides:

(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

* * *

(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath.

Clearly, the Mentor City Ordinance replicates the language of Ohio's state DUI statute, Ohio Rev.Code § 4511.19(A)(3), which statute has been held substantially similar to 75 Pa.C.S. § 3731(a)(4) and Article IV(a)(2) of the Compact. *Leftheris v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 455 (Pa. Cmwlth.1999) (Ohio DUI offense, having a threshold BAC level of .10%, was substantially similar to Pennsylvania's DUI statute); *accord Ellis v. Department of Transportation, Bureau of Driver Licensing,* 732 A.2d 1290 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 563 Pa. 693, 760 A.2d 857 (2000) (Wyoming DUI offense, having a threshold BAC level of .10%, was substantially similar to Pennsylvania's DUI statute). Therefore, based on this Court's decisions in *Leftheris* and *Ellis,* we hold that the Mentor City Ordinance § 71.01(A)(3), being substantially similar to subsection (A)(3) of the Ohio DUI statute, is substantially similar to subsection (a)(4) of Pennsylvania's DUI statute and to Article IV(a)(2) of the Compact.

Accordingly, the order of the trial court is reversed; Mazurek's driver license suspension is reinstated.

### *ORDER*

**AND NOW,** this 30th day of April 2001, the order of the Court of Common Pleas of Armstrong County is reversed; the driver's license suspension of Frank J. Mazurek is reinstated.

Kelley, J., dissenting opinion.

I respectfully dissent.

In this case, Mazurek pleaded no contest to violations of Section 71.01 of the Mentor City Ordinance which provides, in pertinent part:

(A) **Operation.** No person shall operate any vehicle within the Municipality if any of the following apply:

(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse;

* * *

(3) The person has a concentration of ten-hundredths (0.10) of one gram or more by weight of alcohol per 210 liters of his breath...

Thus, the level of intoxication prohibited by Section 71.01 is not limited to that level which renders a driver incapable of safely driving a motor vehicle. Rather, the level of intoxication prohibited by Section 71.01 includes that level of impairment at which one is merely under the influence of alcohol.

As a result, the provisions of Section 71.01 are not "substantially similiar" to the provisions of Article IV (a)(2) of the Driver's License Compact, 75 Pa.C.S. § 1581. *Pertovick v. Department of Transportation,* 559 Pa. 614, 741 A.2d 1264 (1999). As a result, Mazurek's Pennsylvania driving privileges may not be suspended pursuant to the provisions of the Compact. *Id.* Accordingly, I would affirm the order of the trial court sustaining Licensee's appeal.