**Peter Todd KIEBORT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 6, 2001.

Decided June 11, 2001.

John J. Kerrigan, Jr., Newton, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before COLINS, J., KELLEY, J., and LEDERER, Senior Judge.

COLINS, Judge.

This matter is on remand from the Supreme Court of Pennsylvania for consideration in light of the Court's ruling in *Commonwealth v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000). Due consideration having been given to the matter, we affirm the order of the Court of Common Pleas of Chester County (trial court), which reinstated the driver license suspension of Todd Kiebort (Licensee).

On August 23, 1997, Kiebort, a Pennsylvania resident, was charged with driving while under the influence of liquor or drugs (DUI), in violation of N.J. Stat. Ann. § 39:4–50(a).[1] He was later convicted of

---

1. N.J. Stat. Ann. § 39:4–50(a) provides:

   (a) A person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of

the charge in a New Jersey court on September 2, 1997. In conformity with its obligations under the Drivers License Compact of 1961[2] (Compact), New Jersey Division of Motor Vehicles reported Licensee's conviction to the Pennsylvania Bureau of Driver Licensing (Bureau). On September 19, 1997, the Department notified Licensee that pursuant to the Compact, his Pennsylvania driving privilege would be suspended for a period of one year based on his September 2, 1997 New Jersey conviction.[3]

Licensee appealed to the trial court, which held a *de novo* hearing. At trial, the Department presented a certified copy of the Licensee's driving record and the report of the New Jersey conviction. On January 23, 1998, the trial court entered an order sustaining the action of the Department. Licensee then appealed to this

Court. Citing *Mazurek v. Department of Transportation, Bureau of Driver Licensing,* 717 A.2d 23 (Pa.Cmwlth.1998), *reversed and remanded,* 563 Pa. 343, 760 A.2d 848 (2000), this Court in *Kiebort I* reversed the trial court and found that New Jersey's report of conviction did not adequately contain the mandatory reporting requirements as set forth in Article III of the Compact.

We now review *Kiebort v. Department of Transportation, Bureau of Driver Licensing (Kiebort I),* 719 A.2d 1139 (Pa. Cmwlth.1998), *reversed and remanded,* 564 Pa. 33, 764 A.2d 18 (2001) in light of the pronouncement of the Supreme Court. On appeal, Licensee raises several issues for our review.[4] First, Licensee argues that the information on the New Jersey report was insufficient to sustain the suspension pursuant to Article III of the Compact,[5] in

---

alcohol in the defendant's blood, shall be subject [to penalties as set forth herein].

**2.** 75 Pa.C.S. §§ 1581–1585. The Compact is designed to promote compliance with laws relating to the operation of motor vehicles in the party states and to make the reciprocal recognition of drivers' licenses more just and reasonable.

**3.** Pennsylvania's DUI statute states:
(a) Offense defined.-A person shall not drive, operate or be in actual physical control of the movement of any vehicle in any of the following circumstances:
(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.
(2) While under the influence of any controlled substance ... to a degree which renders the person incapable of safe driving.
(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.
(4) While the amount of alcohol by weight in the blood of:
(i) an adult is 0.10% or greater; or
(ii) a minor is 0.02% or greater.
75 Pa.C.S. § 3731(a).

**4.** Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether the trial judge committed constitutional violations or errors of law. 2 Pa. C.S. § 704; *Bourdeev v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 59 (Pa.Cmwlth.2000), *petition for allowance of appeal granted,* —— Pa. ——, 771 A.2d 1288 (2001).

**5.** Article III of the Compact [Reports of Conviction], 75 Pa.C.S. § 1581, set forth:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the Court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

that it did not reference the identity of the court in which Licensee was convicted nor was there an indication of the plea or whether the conviction resulted from a forfeiture of security. Additionally, Licensee contends that the amendment to the Compact set forth at 75 Pa.C.S. § 1584 is an unconstitutional amendment of the multilateral Compact. The amendment to Section 1584 provides, "[t]he omission from any report received by [the Department] from a [Compact] party of any information required by Article III of the compact shall not excuse or prevent [the Department] from complying with its duties under Article IV and V of the compact."

■ In *McCafferty,* the Supreme Court considered what information is required in order for the Department to comply with Article III of the Compact. Mr. Justice Castille writing for a majority of the Court stated,

> Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on [the Department] only when it is the state reporting the conduct, not when it is the home state. It does not prohibit [the Department], as the licensing authority in the home state, from relying on the information contained in the report even if the report lacks certain information specified in Article III....[W]e fail to see how the technical, immaterial defects in the report here rendered [the Department's] suspension of appellee's license erroneous.

*McCafferty* at 1164–65 (footnotes and emphasis omitted). Therefore, the Commonwealth may rely on out-of-state conviction reports that do not strictly adhere to Article III of the Compact, as long as the conduct of the Licensee is evident and the report contains sufficient information to form the basis of the Department's actions.

■ As applied to this case, the Department was within its authority to suspend the driving privilege of Licensee based on the information contained in the report issued by the State of New Jersey. The report contained the name of the Licensee, date of birth, gender, address, date of the New Jersey violation, date of conviction, and title of the violation. Although the notice did not delineate the specific New Jersey court where Licensee was convicted or indicate the plea or whether the conviction resulted from a forfeiture of security, under the rule stated in *McCafferty,* the omission does not deprive Licensee of the constitutional right to due process because the title of the violation provided sufficient notice and a meaningful opportunity to be heard. *See also Harrington v. Department of Transportation, Bureau of Driver Licensing,* 563 Pa. 565, 763 A.2d 386 (2000); *Crooks v. Department of Transportation, Bureau of Driver Licensing,* 564 Pa. 436, 768 A.2d 1106 (2001). Here, Licensee was supplied with enough information to understand the pendency of the proceedings and was afforded an opportunity to present a defense. As a result, the Department was within its authority to suspend the driving privilege of Licensee based on the information contained in the report issued by the State of New Jersey.

■ We also disagree with Licensee's argument that amendment to Section 1584 of the Vehicle Code constitutes an impermissible unilateral amendment to the Compact. This issue was previously addressed in *Koterba v. Department of Transportation, Bureau of Driver Licensing,* 736 A.2d 761 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 561 Pa. 703, 751 A.2d 195 (2000), *cert. denied,* 531 U.S. 816, 121 S.Ct. 53, 148 L.Ed.2d 21, (2000). We explained in *Koterba,* "without hesitation that the [Compact] is not the sort of interstate agreement for which the compact

clause mandates congressional approval." *Koterba*, 736 A.2d at 765. We concluded that "[n]either the sharing of information among states regarding serious motor vehicle offense convictions nor the regulation by each individual state of the driving privileges of its own citizens threatens the supremacy of the United States." *Id.* Moreover, the subsequent sections of the Vehicle Code, including Section 1584, are simply interpretative and implementing provisions designed to guide DOT in the conduct of its duties under the Compact. *See also Harrington.*

■ Licensee next asserts that New Jersey's DUI statute is not substantially similar to Article IV(a)(2) of the Compact[6] or Pennsylvania's DUI statute. We disagree. Licensee was convicted of N.J. Stat. Ann. § 39:4–50(a), which was described on his New Jersey conviction report as "OPERATE UNDER INFLUENCE LIQ/DRUGS." As noted by the Bureau, this Court has previously held that the New Jersey offense of DUI in violation of N.J. Stat. Ann. § 394–50(a) is substantially similar to Pennsylvania's DUI. *Scott v. Department of Transportation, Bureau of Driver Licensing*, 730 A.2d 539 (Pa.Cmwlth.1999) *petition for allowance of appeal granted,* —— Pa. ——, 771 A.2d 1292 (2001); *Seibert v. Department of Transportation, Bureau of Driver Licensing,* 715 A.2d 517 (Pa.Cmwlth.1998); *Crooks.* Further, we reiterate our analysis in *Kiebort I* wherein we stated, "[t]he prohibited conduct, as well as the underlying public policy of the Pennsylvania and

New Jersey criminal statutes at issue in this case are the same." 719 A.2d at 1142–43, (citing *Commonwealth v. Whisnant*, 390 Pa.Super. 192, 568 A.2d 259 (1990)).

■ Next, Licensee argues that his conviction in New Jersey with a "civil reservation" bars a suspension of his operating privilege in this Commonwealth. Again, we disagree. This Court recently considered and rejected this same argument in *Bourdeev.* We specifically concluded "the guilty plea with civil reservation in New Jersey cannot be used to thwart the suspension of Licensee's driving privilege" *Bourdeev,* 755 A.2d at 62.

■ Lastly, Licensee argues that since he was a first time offender, he would have qualified for Accelerated Rehabilitative Disposition (ARD) in Pennsylvania and subsequently, his license suspension should be only one to four months. As we stated in *Kiebort I,* a conviction was entered against Licensee in New Jersey, and later, his license was suspended in Pennsylvania. Consequently, Licensee's DUI in New Jersey translated into the same offense in Pennsylvania and the trial court properly imposed the mandatory one-year license suspension in accordance with 75 Pa.C.S. § 3731. As such, we will not disturb our previous finding.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 11th day of June 2001, the order of the Court of Common Pleas of

---

**6.** Article IV(a)(2) of the Compact, 75 Pa.C.S. § 1587, provides, in pertinent part, as follows:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

＊ ＊ ＊

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of driving a motor vehicle; ...

Chester County in the above-captioned matter is affirmed.