**Jeffrey McELWEE**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 2007.

Decided Nov. 29, 2007.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Charles G. Nistico, Media, for appellee.

BEFORE: COLINS, Judge, and PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDot) appeals from an order of the Court of Common Pleas of Delaware County (trial court) granting the appeal of Jeffrey McElwee (Licensee) from the suspension of his operating privilege and directing the reinstatement of his operating privilege.

On July 6, 1997, Licensee was arrested in New Jersey and charged with violating New Jersey's statute against driving under the influence.[1] He was convicted of the offense on August 15, 1997. After PennDot received notice of the conviction, it informed Licensee that his operating privilege was being suspended for one year pursuant to Section 1532(b) of the Vehicle Code, 75 Pa.C.S. § 1532(b),[2] and the Driver's License Compact, Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581.[3] Licensee filed a timely appeal.

A hearing was held before the late Judge Joseph F. Battle, and on June 30,

---

1. N.J.S.A. 39:4–50(a) defines a driving under the influence offender as:

   A person who operates a motor vehicle while under the influence of intoxicating liquor ... or operates a motor vehicle with a blood alcohol concentration of .10 percent or more by weight of alcohol in the defendant's blood. ...

2. That section provides, in relevant part:

   The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3733 (relating to fleeing or attempting to elude police officer) or a substantially similar offense reported to the department under Article III of section 1581 (relating to Driver's License Compact) ...

3. The Compact is an agreement among most of the states to promote compliance with each party state's motor vehicle law. Pennsylvania became a party state to the Compact in 1996 by adopting Sections 1581–1585 of the Motor Vehicle Code. In order for PennDot to treat an out-of-state conviction as though it occurred in Pennsylvania, the out-of-state conviction must be from a state that has entered the Compact and enacted a statute to that effect. New Jersey is a party state. *See Leftheris v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 455 (Pa.Cmwlth. 1999).

1998, Judge Battle entered an order sustaining Licensee's statutory appeal and reversing the suspension. PennDot appealed to this Court and by order dated July 7, 1998, Judge Battle consolidated Licensee's case with 30 other suspension appeal cases upon which he had already rendered decisions and from which PennDot had appealed to this Court. The issue on appeal in all of the cases was whether PennDot had sustained its burden of establishing the basis for the suspension of the licensees' operating privileges by introducing into evidence copies of an electronic transmission from New Jersey which reported the convictions in that state. The licensees contended that the reports failed to comply with the requirements of Article III of the Compact [4] because they did not contain all of the required information. In 27 of the cases, including Licensee's case, we granted PennDot's appeal and by order dated September 15, 1999,[5] remanded the cases to the trial court "for consideration of the issue, where such issue was previously raised, of whether the reporting requirements of Article III of the Compact were met, as articulated in our decision in *Sweet v. Department of Transportation, Bureau of Driver Licensing*, 724 A.2d 1004 (Pa. Cmwlth.1999)."

Following remand, Judge Battle died on March 10, 2001. No further action was

taken by the trial court to comply with our remand order until PennDot sent the trial court a letter dated September 7, 2004, requesting that the cases be listed for hearings. Relative to this case, a hearing was held before the trial court on April 1, 2005, on the issue raised in the remand order, as well as Licensee's contention that his appeal should be granted because he was prejudiced by the unreasonable delay in prosecuting the enforcement of the suspension of his operating privilege due to his change of circumstances since 1999.

Licensee testified that at the time of his conviction in 1997, he lived with his elderly parents in Chester, Pennsylvania. He was employed by Synthes U.S.A., a manufacturer of orthopedic implements, which was located in Paoli, Pennsylvania. He stated that he worked in the accounting department as an accounts payable clerk paying bills all day. He stated that he usually took the bus to work and a driver's license was not required for his employment, and that he was not required to leave his office once he arrived at work. In 1997, he stated that his parents were in good health.[6] However, in June of 2002, he left his job and started working with Power Source Repair Company in Collingdale, Pennsylvania, which was a small welding service company, to work as their account-

---

4. Article III of the Compact provides:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

5. *See Department of Transportation, Bureau of Driver Licensing v. Avato*, 740 A.2d 1233 (Pa. Cmwlth.1999). This case is unreported but may be cited for the law of the case.

6. Licensee further stated that his father suffered a stroke in 1999 and could do very few things on his own and was housebound. Additionally, his mother had surgery for cancer and two surgeries for an abdominal aneurysm as well as arterial blockages. As a result, while his mother could drive, she could not carry anything so he did most of the driving for the family, including shopping and any chores that required carrying any type of objects.

ant. He testified that he was in charge of the mail, supplies, banking and other general office duties that took him out of the office. Specifically, he stated that he went to the bank several times a week and to the post office every day. While there were 11 employees, eight of them were mechanics, one was the president, one was a secretary, and only he could handle the banking and post office duties every day. While Licensee stated that he could probably take the bus to work, he would be unable to take care of his work duties and it would be questionable whether he would be able to maintain his employment if he did not have a valid Pennsylvania operator's license. Regarding his understanding about the pending appeal, Licensee testified that he was aware an appeal was pending in 1999, he had called the court several times but had not received an answer as to the status. Eventually, when he did not hear anything for five years, he assumed that the case had been dropped. Licensee also stated that he had renewed his license in 2001.

By order dated March 10, 2006, the trial court sustained Licensee's statutory appeal and dismissed the one-year suspension of his operating privilege. This appeal by PennDot followed.

The only issue on appeal is whether the trial court erred in concluding that Licensee was prejudiced by its unreasonable delay in the prosecution of his appeal.[7] Prejudice is established by showing that a licensee "changed his circumstances to his detriment in reliance on his belief that his operating privileges would not be impaired," *Fisher v. Department of Transportation, Bureau of Driver Licensing,*

682 A.2d 1353, 1356 (Pa.Cmwlth.1996), and by establishing that a licensee has changed jobs to a position that requires driving as part of the new job's duties. *Bennett v. Department of Transportation,* 163 Pa. Cmwlth. 664, 642 A.2d 1139 (1994).

Here, Licensee testified that driving was required for the position at Power Source Repair Company, and that it would be detrimental to his job if his operating privilege was suspended. Because Licensee also testified that he had renewed his license and believed any appeal had been dropped due the passage of time, there is sufficient evidence that he changed his circumstances to his detriment in reliance on his belief that his operating privilege would not be impaired. Consequently, we agree with the trial court that Licensee's testimony established that he was prejudiced by PennDot's unreasonable delay in the prosecution of his appeal.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this *29th* day of *November,* 2007, the order of the Court of Common Pleas of Delaware County dated December 29, 2005, is affirmed.

---

**7.** While PennDot also raises the issue that is was not responsible for the delay in the appeal process before the trial court because it was the trial court's responsibility to move the case forward, the issue regarding who was chargeable with the unreasonable delay was recently decided by this Court in *Orloff v. Department of Transportation, Bureau of Driver Licensing,* 912 A.2d 918 (Pa.Cmwlth.2006), *petition for allowance of appeal denied,* 593 Pa. 751, 931 A.2d 660 (2007).